STUCKY, Judge
(concurring):
I join the majority’s opinion with one reservation. The majority opinion quotes United States v. Peters, 74 M.J. 31, 34 (C.A.A.F. 2015), to say: “While cast as a question of public perception, this [implied bias] test may well reflect how members of the armed forces, and indeed the accused, perceive the procedural fairness of the trial as well.” United States v. Castillo, 74 M.J. 39, 42 (C.A.A.F.2015). This sentence appears to expand the ambit of the “public perception” test contrary to our case law: The accused’s perception of the fairness of his trial has never been part of the implied bias test. I write separately solely to clarify that the test for implied bias is a question of public perception only.
RYAN, Judge
(concurring in the result):
We have long held that-a military judge is entitled to deference on issues of implied bias under Rule for Courts-Martial 912(f)(l)(N), if less deference than on issues of actual bias. United States v. Napoleon, 46 M.J, 279, 283 (C.A.A.F.1997). I stand by this Court’s guidance in United States v. Clay, 64 M.J. 274 (C.A.A.F.2007): “[W]here a military judge considers a challenge based on implied bias, recognizes his duty to liberally grant defense challenges, and places his reasoning on the *44 record, instances in which the military judge’s exercise of discretion will be reversed will indeed be rare.” Id. at 277.
It is my view that, where the correct law is recognized and there is no erroneous application of the law or view of the facts, military judges should receive the deference to which they are entitled under our precedent on matters of implied bias. This Court is better suited to remind military judges that challenges are to be liberally granted — and, re-latedly, that excusing a member on the basis of implied bias is not a condemnation of any particular member’s sincerity, integrity, or ñtness — than to review on a case-by-case basis how much qualitative and quantitative contact between a convening authority and a trial counsel who serves as the legal counsel for that convening authority a member of the public would view as unfair.
This Court has repeatedly eschewed a bright-line rule requiring military judges to grant challenges for cause on the basis of implied bias against members who have or have had a professional relationship with legal counsel. See United States v. Rome, 47 M.J. 467, 469 (C.A.A.F.1998) (holding a member’s “professional relationship with the trial counsel was not per se disqualifying”); United States v. Hamilton, 41 M.J. 22, 25 (C.M.A.1994) (finding no “per se ground for challenge” where three members had received legal assistance from the assistant trial counsel); see also United States v. Peters, 74 M.J. 31, 37-38 (C.A.A.F.2015) (Ryan, J., dissenting). However reasonable I might find such a bright-line rule in the ease of an implied bias challenge against a commanding officer sitting as a panel member, even as her legal advisor served as trial counsel, if presented with it as a matter of first impression, I agree that the military judge should receive deference. I respectfully concur in the result.